IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

INTEGRITY GLOBAL SECURITY, LLC,     §
ET AL.,                              §
                                     §
              Plaintiffs,            §
                                     §
V.                                   §        1-15-CV-685 RP
                                     §
DELL MARKETING L.P., ET AL.,         §
                                     §
              Defendants.            §

## <u>ORDER</u>

Before the Court are Dell's Motion to Dismiss Plaintiffs' Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1), filed November 2, 2015 (Clerk's Dkt. #14) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiffs INTEGRITY Global Security, LLC ("IGS") and Green Hills Software, Inc. ("GHS") filed this action naming as defendants Dell Marketing, L.P. ("Dell Marketing"), Dell Federal Systems, L.P. ("Dell Federal") and Dell Products, L.P. ("Dell Products"). According to Plaintiffs, the parties have entered into a series of contractual agreements under which Plaintiffs fully performed, but Defendants did not. Plaintiffs thus assert a cause of action for breach of contract. (Plf. Orig. Compl. ¶¶ 36-42).

In their complaint, Plaintiffs allege this Court has jurisdiction based on diversity of citizenship. (*Id*. ¶ 6). Defendants have now filed a motion to dismiss, arguing this Court lacks jurisdiction because all the parties are citizens of the same state. The parties have filed responsive pleadings and the matter is now ripe for review.

## II.  APPLICABLE LAW

A federal court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction."  FED. R. CIV. P. 12(h)(3).  Thus, lack of subject-matter jurisdiction may be raised at any time by any party, or by the court sua sponte.  *Bank One Texas v. United States,* 157 F.3d 397, 403 (5th Cir. 1998); *MCG, Inc. v. Great Western Energy Corp.,* 896 F.2d 170, 173 (5th Cir. 1990).  However, the plaintiff bears the burden of establishing federal jurisdiction.  *Burge v. Parish of St. Tammany,* 187 F.3d 452, 465-66 (5th Cir. 1999).  *See also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (presumption against subject matter jurisdiction must be rebutted by party bringing action to federal court).  A motion to dismiss for lack of subject matter jurisdiction must be considered before any other challenge.  *See Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception"); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (court must find jurisdiction before determining validity of claim).  On a Rule 12(b)(1) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *MDPhysicians & Assocs., Inc. v. State Board of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).

## III.  DISCUSSION

Plaintiffs assert this Court has jurisdiction based on diversity of citizenship.  In their complaint, Plaintiffs allege, and Defendants do not contest, that IGS is a Delaware limited liability company with its principal of business in Santa Barbara, California, and that GHS is a Delaware corporation with its principal place of business in Santa Barbara, California.  (Plf. Orig. Compl. ¶¶ 1-2).  Plaintiffs further allege each of the defendants is a Texas limited partnership with its principal place of business in Round Rock, Texas.  (*Id*. ¶¶ 3-4).

Plaintiff maintains the parties in this action are wholly diverse as each of the plaintiffs is a

2

citizen of Delaware and each of the defendants is a Texas entity and thus a citizen of Texas. Plaintiffs' conclusion, however, conflates two different concepts.  While Defendants may be legally organized under the laws of Texas, they are organized as limited partnerships, not incorporated entities.   The citizenship of a limited partnership is determined by the citizenship of all of its members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (diversity jurisdiction in a suit by or against unincorporated entity depends on the citizenship of "all the members"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a limited partnership is determined by citizenship of all of its members); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 n.3 (5th Cir. 2003) (limited partnership assumes the citizenship of each of its partners).

In moving to dismiss, Defendants assert that the general partners of Dell Marketing, Dell Federal and Dell Products are each a Delaware limited liability company, which is in turn owned by a Delaware corporation.  (Mot. to Dism. at 3).  Attached to Defendants' motion to dismiss are documents filed with the Texas Secretary of State which reflect that: (1) the general partner of Dell Marketing is Dell Marketing GP, LLC which is identified as a foreign company in the jurisdiction of Delaware, and Dell Marketing GP, LLC is identified as owned by Dell Marketing Corp. which was formed in Delaware (*Id*. Ex. 1 ¶ 4, & Ex. A); (2) the general partner of Dell Federal is Dell Federal Systems GP, LLC which is identified as a foreign company in the jurisdiction of Delaware, and Dell Federal Systems GP, LLC is identified as owned by Dell Federal Systems Corp. which was formed in Delaware (*Id*. Ex. 1 ¶ 5, & Ex. B); and (3) the general partner of Dell Products is Dell Products GP, LLC which is identified as a foreign company in the jurisdiction of Delaware, and Dell Products GP, LLC is identified as owned by Dell Products Corp. which was formed in Delaware (*Id*. Ex. 1 ¶ 6, & Ex. C).  Defendants also attach the declaration of Christopher R. Stidvent ("Stidvent"), an in-house attorney for Dell, Inc. who confirms the ownership structure of Defendants.  (*Id*. Ex. 2).

In response, Plaintiffs maintain the citizenship of the defendants is not clearly established

3

by the evidence attached to Defendants' motion to dismiss.  According to Plaintiffs, the documents are internally inconsistent, because the entities identified all have Texas addresses and list Texas residents as officers.  Plaintiffs further attach a number of contractual agreements and other documents in which the defendants are referred to as a Texas limited partnerships.[1]  But, as noted above, Plaintiffs' focus on the state of formation of a partnership is misplaced.  Further, as to the assertion of internal inconsistency, the Court has reviewed the documents and finds no internal inconsistencies.  *See MDPhysicians*, 957 F.2d at 181 (court has power to weigh evidence in reviewing Rule 12(b)(1) motion).  In addition, Plaintiffs' challenges to the documents on file with the Texas Secretary of State ignore the evidence presented by Stidvent confirming the citizenship of Defendants.[2]

Moreover, as Defendants point out, Plaintiffs' attack on the sufficiency of the evidence presented by Defendants fails to acknowledge the burden placed on Plaintiffs.  The Fifth Circuit has made clear that, when jurisdiction is based on diversity, "we adhere strictly to the rule that citizenship of the parties must be distinctly and affirmatively alleged."  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (internal quotation omitted).  "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."  *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259-60 (5th Cir. 2008) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).  In their complaint, and thereafter, Plaintiffs have failed to address the citizenship of defendants' constituent partners.  Accordingly, they have not met their burden to adequately allege the basis for diversity jurisdiction and dismissal of this action is mandated.

---

[1]  Plaintiffs also suggest the parties have consented to the jurisdiction of this Court in some of the contractual agreements between them.  However, "subject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

[2]  Plaintiffs assert Stidvent's testimony should not be considered because it "lacks foundation and is hearsay."  (Plf. Resp. at 9).  As noted above, Stidvent identifies himself as an in-house attorney for Dell, Inc.  He avers that the statements in his declaration "are based on my personal knowledge or contain facts that I have learned through investigation on behalf of Dell and are true and correct."  (Mot. to Dism. Ex. 2 ¶ 2).  Accordingly, Plaintiffs' objection is without merit.

Plaintiffs finally request the Court enter an order affirmatively tolling the statute of limitations for sixty days to permit them to re-file in Texas state court.  As this Court has concluded it lacks jurisdiction over this matter, entry of such an order would be improper.

### IV.  CONCLUSION

The Court hereby **GRANTS** Dell's Motion to Dismiss Plaintiffs' Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Clerk's Dkt. #14).

**SIGNED** on December 14, 2015.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

5